```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    CENTRAL DIVISION AT LEXINGTON
```

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5:09-17-JMH |
| ) | |
| v. ) | |
| ) | |
| MANUEL LEE PATTON, ) | **MEMORANDUM OPINION and ORDER** |
| ) | |
| Defendant. ) | |

         \*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on Defendant Patton's Motion to Suppress [Record No. 15]. The United States responded [Record No. 18], and the Court conducted a hearing on April 8, 2009. The Court, ruling from the bench, denied the motion. This Memorandum Opinion and Order will serve to supplement the Court's oral ruling.

"[S]earches pursuant to a warrant . . . rarely require any deep inquiry into reasonableness." *Illinois v. Gates*, 462 U.S. 213, 267 (1983) (White, J., concurring in judgment). Indeed, "a warrant issued by a magistrate normally suffices to establish" that a law enforcement officer has "acted in good faith in conducting the search." *United States v. Ross*, 456 U.S. 798, 823, n. 32 (1982).

Having heard the testimony of the officers and reviewed the application for the warrant which was presented to Judge Julie Muth Goodman of the Fayette County District Court, the Court finds no reason to look behind the face of the affidavit. There were no inconsistencies between the officers' testimony before this Court

-1-

and the evidence which was presented in the affidavit offered in support of that application.  No evidence was presented which would indicate that the affiant gave a knowingly false affidavit or otherwise acted in bad faith in seeking the warrant, nor is there any indication that Fayette District Judge Julie Muth Goodman abandoned her neutral role when she issued the warrant.  Finally, the affidavit was hardly conclusory.

Indeed, in this instance, considering the totality of the circumstances, the state court judge had a "substantial basis" for concluding that "a search warrant would uncover evidence of wrongdoing."  *Gates*, 462 U.S. at 236.  That said, even if it were somehow flawed, the good faith exception to the exclusionary rule established in *United States v. Leon*, 468 U.S. 897 (1984), would apply as the officers' reliance on the warrant in this instance was in good faith and objectively reasonable.  *United States v. Rice*, 478 F.3d 704, 711-12 (6th Cir. 2007).  There is no evidence to suggest that they had any reason to believe that the search was illegal despite the state court judge's authorization.  *Leon*, 468 U.S. at 922, n.23.

Accordingly, **IT IS ORDERED** that Defendant's Motion to Suppress shall be, and the same hereby is, **DENIED.**

This the 9th day of April, 2009.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge