UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

|  |  |  |
|---|---|---|
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | 5:09-CR-17-JMH-EBA-1 |
| v. | ) | |
| | ) | **MEMORANDUM ORDER** |
| MANUEL LEE PATTON, | ) | **AND OPINION** |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\*

This matter is before the Court on Defendant Manuel Patton's motion for "compassionate release" pursuant to 18 U.S.C. § 3582(c)(1)(A). Patton, a federal prisoner proceeding pro se, filed a letter requesting his release, citing concerns about the current COVID-19 pandemic. [DE 93]. Notably, Patton is currently incarcerated at FCI Elkton near Lisbon, Ohio. The United States has responded to Patton's motion as ordered by the Court on May 28, 2020. [DE 95]. Patton subsequently filed his reply [DE 98], a second motion [DE 96], styled as a "Petition Seeking Expedited Relief" and exhibit [DE 97], which the Court will construe as supplements to his initial motion for compassionate release [DE 93]. Because Patton has not exhausted his administrative remedies, his motion will be denied.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On April 27, 2009, Patton pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). [DE 25; DE 27; DE 91]. Thereafter, Patton was sentenced to a total of 180-months imprisonment, followed by three years of supervised release. [DE 25; DE 91].

On May 28, 2020, the Court received a letter from Patton that it construed as a motion for compassionate release pursuant to § 3582(c)(1)(A). [DE 92; DE 93]. It also ordered the United States to respond to Patton's motion. [*Id.*]. Following the United States' response [DE 95], Patton filed a second motion for relief [DE 96], along with a reply to the United States [DE 98]. Patton's second motion [DE 96] in particular, essentially elaborates on issues raised in his initial motion for compassionate release [DE 93]. However, given the nature of the request and in the interest of judicial economy, the Court finds it prudent to construe Patton's second motion [DE 96] as a supplement to his initial motion for compassionate release [DE 93].

In his letter, Patton asks that the Court alter his sentence by ordering his transfer to a new facility, granting him home confinement, or granting him compassionate release. [DE 93 at 2]. He states that he is currently incarcerated at FCI Elkton, which has seen an increasing outbreak in the number of COVID-19 cases. [*Id.*; DE 96]. *See also* Federal Bureau of Prisons, COVID-19 Cases, https://bop.gov/coronavirus (updated June 25, 2020). Importantly,

2

Patton also submitted a copy of his request to the warden of FCI Elkton for compassionate release, which had been requested on May 28, 2020. [DE 97]. As of June 15, 2020, the warden had not yet responded to the request, however, the thirty-day response time had not yet expired. [DE 96-1].

## II. DISCUSSION

The sentencing court has no inherent authority to modify an otherwise valid sentence. *United States v. Washington,* 584 F.3d 693, 700 (6th Cir. 2009). Rather, the authority of the Court to resentence a defendant is limited by statute. *United States v. Houston,* 529 F.3d 743, 748-49 (6th Cir. 2008) (citing *United States v. Ross,* 245 F.3d 577, 858 (6th Cir. 2001)). Title 18 U.S.C. § 3582(c)(1)(A) provides that courts may "reduce [an inmate's] term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)" where "extraordinary and compelling reasons warrant [release]," or the prisoner's age and other factors make release appropriate. 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018, only the Bureau of Prisons ("BOP") could move a district court under § 3582(c)(1)(A) for the compassionate release of a federal prisoner. On December 21, 2018, the First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow prisoners to directly petition courts for compassionate release. The amendment

3

provides prisoners with two direct routes to court: (1) file a motion after fully exhausting administrative appeals of the BOP's decision not to file a motion for compassionate release, or (2) file a motion after "the lapse of 30 days from the receipt ... of such a request" by the warden of the prisoner's facility. 18 U.S.C. § 3582(c)(1)(A). No exceptions to the exhaustion requirement are listed in the statute. *Ross v. Blake*, 136 S.Ct. 1850, 1857 (2016). In fact, the Supreme Court held in *Ross* that mandatory exhaustion regimes completely foreclose judicial discretion. *Id.*

Passed in response to the COVID-19 pandemic, the CARES act provides for expanded prisoner home confinement, to be administered by the Attorney General and the Bureau of Prisons. *See* Pub. L. No. 116-136, 134 Stat. 281 (2020).[1] In response, United States Attorney General William Barr directed the BOP to begin considering placing at-risk inmates on home confinement. Importantly, the BOP immediately began reviewing all inmates who have COVID-19 risk factors, as described by the CDC, starting with

---

[1] A provision of the CARES Act lengthens the maximum period of time that the BOP director can authorize home confinement for a prisoner during the "emergency period" that has been declared due to COVID-19. Normally, the BOP director may "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). The CARES Act provides that, during the COVID emergency period, upon a proper finding by the Attorney General, the BOP director "may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement ... as the Director determines appropriate." CARES Act, PL 116-136, 134 Stat. 281 (March 27, 2020) § 12003(b)(2).

4

inmates at FCI Elkton.[2] Inmates do not need to directly make a request to be considered for home confinement, the BOP has stated, but they may do so through their case manager. *Id.*

While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court has no authority under this provision to order that a prisoner be placed on home confinement. In regard to requests for compassionate release, the BOP has outlined the administrative exhaustion process required under § 3582 in its Program Statement No. 5050.50.[3]

The United States argues that this Court is without jurisdiction to consider Patton's motion. [DE 95 at 2-5]. Patton, the government argues, must fully exhaust all administrative remedies before coming to federal court to seek compassionate release. [*Id.*]. Patton filed this motion for compassionate release before sending a request to the warden on May 28, 2020. Patton's second motion, which the Court has construed as a reply, was likewise filed before the warden's thirty-day response time had

---

[2]     Federal     Bureau     of     Prisons,     Home Confinement, www.bop.gov/resources/news/20200405_covid19_home_co nfinement.jsp, April 5, 2020.
[3]     *See* U.S.     Department     of     Justice,     Federal     Bureau     of Prisons, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3583g and 4205(g) (Jan. 17, 2009) https://www.bop.gov/policy/progstat/5050_050_EN.pdf.

lapsed. Thus, the Court agrees that he requested relief from the district court prematurely.

Although some courts have held that the requirements can be waived due to the dangers posed by COVID-19, the United States Court of Appeals for the Sixth Circuit has determined these statutory prerequisites to be mandatory. Specifically, since the government filed its response, the Sixth Circuit has held that while the statutory exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A) does not technically limit the jurisdiction of the federal courts, it does require prisoners to follow the procedural requirements of the statute before submitting a motion to a federal court. *United States v. Alam*, ___ F.3d _____, 2020 WL 2845694, *2 (6th Cir. June 2, 2020)("Even though this exhaustion requirement does not implicate our subject-matter jurisdiction, it remains a mandatory condition."). Thus:

> If the Director of the Bureau of Prisons does not move for compassionate release, a prisoner may take his claim to court only by moving for it on his own behalf. To do that, he must "fully exhaust[] all administrative rights to appeal" with the prison or wait 30 days after his first request to the prison.

*Id*. (quoting 18 U.S.C. § 3582(c)(1)(A)). The Sixth Circuit also confirmed that no exceptions exist for this exhaustion requirement, and the Court refused to craft one in this context. *Id*. at 3. To do so would make "every prisoner eligible to invoke 'irreparable harm' and eligible to jump the line of applications—

6

making the process less fair, not more fair." *Id*. at 4. Finally, the Sixth Circuit noted that adding a futility requirement does not assist the statutory process. *Id*. at 4. Thus, it is clear that when an inmate fails to demonstrate that he or she has fully exhausted the BOP's administrative remedies pursuant to the statute, the Court must deny the motion.

The statute at issue here speaks directly to the Court's authority to modify Patton's sentence, stating that it may only do so once the BOP denies a request for compassionate release and the defendant appeals, or if the warden fails to respond to a request or file a motion within thirty days. Because the statute as interpreted by the Sixth Circuit explicitly states that only then may a defendant turn to the judiciary, those requirements prevent the Court from considering the merits of Patton's motion at this time.

### III. CONCLUSION

By filing a motion with this Court before his request for compassionate release was addressed by the warden at FCI Elkton, Patton failed to fully exhaust the administrative procedures required by 18 U.S.C. § 3582. Additionally, the Court has no authority to direct that Patton be placed in home confinement or to be transferred. Patton may, after meeting the requirements of 18 U.S.C. § 3582(c)(1)(A), file a renewed motion for compassionate release addressing the merits of his claim if he so wishes.

However, at this time, the Court cannot fully consider Patton's request.

Accordingly, **IT IS ORDERED** as follows:

(1) Insofar as it requests a separate form of relief, Defendant Manuel Lee Patton's motion [DE 96], which the Court has construed as a supplement relating to Patton's initial motion for compassionate release, is **DENIED WITHOUT PREJUDICE**; and

(2) Defendant Patton's motion for compassionate release [DE 93] is **DENIED WITHOUT PREJUDICE.**

This the 26th day of June, 2020.

Signed By:

*Joseph M. Hood*

Senior U.S. District Judge